UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE FLORES-SOLORIO,

                Petitioner,

   v.

STATE OF WASHINGTON,

                Respondent.

Case No. C21-51-TSZ-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a federal habeas action brought under 28 U.S.C. § 2254. On January 19, 2021, Petitioner Jose Flores-Solorio, proceeding *pro se*, filed a habeas petition seeking to challenge a 2014 judgment and sentence from the King County Superior Court. (Pet. (Dkt. # 1).) Petitioner additionally filed a "Motion for Vicarious Exhaustion of State Remedies" (Pet.'s Mot. (dkt. # 2)) and a "Motion to Compel for Information (Show Cause)" (Pet.'s Mot. (dkt. # 3)) with his petition. Both the petition and motions have not been served on Respondent.

Following a careful review of the petition, and the balance of the record, this Court concludes Petitioner's habeas petition (dkt. # 1) should be DISMISSED with prejudice, and that

REPORT AND RECOMMENDATION - 1

a certificate of appealability be DENIED as to all claims.[1] Consequently, the Court recommends Plaintiff's "Motion for Vicarious Exhaustion of State Remedies" (Pet.'s Mot. (dkt. # 2)) and "Motion to Compel for Information (Show Cause)" (Pet.'s Mot. (dkt. # 3)) be DENIED as moot.

## II.     BACKGROUND

On January 7, 2021, Petitioner, an inmate at the Coyote Ridge Corrections Center, submitted a proposed 28 U.S.C. § 2254 habeas petition to the United States District Court for the Eastern District of Washington. (Pet. (Dkt. # 1).) Petitioner additionally filed a "Motion for Vicarious Exhaustion of State Remedies" and a "Motion to Compel for Information (Show Cause)" with his petition submission. (Pet.'s Mots. (Dkt. ## 2-3).) On January 8, 2021, the Honorable Thomas O. Rice transferred this matter to this Court because Petitioner challenged a conviction arising out of a King County judgment. (Dkt. # 5.)

On January 15, 2021, the Clerk of Court sent Petitioner a letter advising him that his submission was deficient due to the filing fee requirement and that he was required to pay the required filing fee of $5.00 or submit an *in forma pauperis* ("IFP") application. (Dkt. # 8.) The Clerk's letter advised Petitioner that failure to cure the IFP deficiency by February 6, 2021, could result in dismissal of this matter. (*Id.*) On January 19, 2021, Petitioner submitted the $5.00 filing fee.

From the face of the petition, Petitioner identifies that he was convicted of a crime in the King County Superior Court on February 6, 2014, and sentenced on March 28, 2014, but does not identify any specifics as to the nature of his conviction or any precise grounds raised on

---

[1] Petitioner has named the State of Washington as the sole respondent in this matter. As such, Petitioner has failed to name the proper respondent in this matter. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (Failure to name petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.). Rather than grant Petitioner leave to amend his petition to name the correct respondent, the Court recommends dismissal of this matter as it does not appear Petitioner can cure his failure to exhaust state court remedies or failure to timely file his petition under 28 U.S.C. § 2244(d).

REPORT AND RECOMMENDATION - 2

appeal. (*See* Pet. at 1.) Petitioner notes that he filed an appeal of his conviction to the Washington Supreme Court, but similarly omitted any additional information concerning his appeal, what grounds were raised, or when it was filed. (*Id.* at 2.) Petitioner notes in his petition, in checkbox form, that he did not raise any ground asserted in his petition in a state postconviction motion or habeas petition. (*Id.* at 6-7, 9-10.) Altogether, the entirety of Petitioner's habeas petition does not identify the crime(s) he was convicted of or any substantive information about grounds raised in an appeal in the state courts. (*See id.* at 1-2.) Instead, Petitioner repeatedly directs the Court to "see case file." (*Id.* at 1.) No "case file" was submitted to the Court in this matter.

Based on the Court's investigation, it appears Plaintiff filed a direct appeal of a conviction for charges related to his sexual abuse of three minors to the Washington Court of Appeals in 2015, which the Court of Appeals affirmed in an unpublished opinion on January 11, 2016. *See State v. Flores-Solorio*, 192 Wash. App. 1006 (Wash. App. Div. 1 2016). On June 29, 2016, the Washington Supreme Court declined to exercise its discretionary review. *See State v. Flores–Solorio*, 185 Wash.2d 1038 (Wash. 2016). On July 15, 2016, the Court of Appeals issued the mandate terminating direct review. This matter is now ripe for review.

### III.     DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rule 4") requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

1    In this case, as further explained below, it is clear Petitioner has failed to exhaust his state
2 remedies and that his petition is time-barred pursuant to 28 U.S.C. § 2244(d).

3    A.    **Failure to Exhaust State Remedies**

4    In his petition, Petitioner indicates four grounds for federal habeas relief by means of
5 reference to an attached document that includes various form language. (*See* Pet. at 5, 7, 8, 10.)
6 Petitioner does not specifically assert any identifiable grounds or claims related to his underlying
7 conviction. (*See id.*) Instead, Petitioner's references to the attached document indicate he
8 believes the State of Washington lacks jurisdictional authority to decide the constitutional issues
9 raised in his petition. (*See id*. at 5-12, 17.)

10    Petitioner, seemingly aware that lack of exhaustion would be an issue in this case,
11 submitted a "Motion for Vicarious Exhaustion of State Remedies" in addition to his petition.
12 (Pet.'s Mot. (Dkt. # 2).) Petitioner's motion argues the "Vicarious Exhaustion of Remedies Rule
13 (1987)" provides that "if one member of a class [action] (1) satisfies a requirement to exhaust
14 administrative remedies, that is enough for all others similarly to be considered as having
15 exhausted the remedies." (*Id.* at 2.) In support of his argument, Petitioner asserts that because the
16 Court in *Fischer v. State of Washington*, C20-51-TSZ (W.D. Wash. 2020) found the petitioner in
17 that case exhausted his state court remedies, Petitioner should also be vicariously found to have
18 exhausted his state court remedies in this matter. (*Id.* at 2-3.)

19    The governing statute makes clear that a state prisoner is required to exhaust all state
20 court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The
21 exhaustion requirement is a matter of comity, intended to afford the state courts "an initial
22 opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v.*
23 *Connor*, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). In order to

provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In *Picard*, the Supreme Court noted in relevant part:

> [I]t is not sufficient merely that the federal habeas applicant has been through the state courts. The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. *Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.*

*Picard*, 404 U.S. at 275-76 (emphasis added).

Here, it is clear from the face of the petition that Petitioner has not properly exhausted his claims for relief in the state courts. Based on the materials cited in his petition, Petitioner has not fairly presented to the state courts the precise claims asserted in his federal habeas petition for the state court's consideration, which is necessary to satisfy the exhaustion requirement. *See Picard*, 404 U.S. at 275-76. Petitioner also fails to cite any authority which would support application of the vicarious exhaustion rule in the context of a federal habeas action brought under § 2254.

In addition, this Court disagrees with the conclusion in *Fischer* that the petitioner there properly exhausted his state court remedies. In *Fischer*, the Honorable Thomas S. Zilly rejected the undersigned's conclusion that the petitioner failed to exhaust his state court remedies due to the fact Mr. Fischer had filed a petition for discretionary review in the Washington Supreme Court on direct appeal and two personal restraint petitions in the Washington Court of Appeals. *Fischer v. Washington*, Case No. C20-51-TSZ, 2020 WL 916189, at *1 (W.D. Wash. Feb. 26,

2020), *certificate of appealability denied*, 20-35253, 2020 WL 3286739 (9th Cir. May 15, 2020). However, in *Fischer*, Mr. Fischer clearly represented to the Court in his habeas petition that although he had filed a direct appeal of his judgment and two personal restraint petitions, he had not presented to the state courts the four constitutional grounds asserted in his petition because he believed the State of Washington lacked jurisdictional authority to decide those constitutional issues. (*See Fischer*, Case No. C20-51-TSZ (Dkt. # 3) at 5-12.) This does not constitute proper exhaustion under *Picard*, and therefore, Petitioner here cannot rely on the conclusion in *Fischer* to obtain review of his federal habeas claims.[2]

Finally, Petitioner also filed a "Motion to Compel for Information (Show Cause)" with his petition. (Pet.'s Mot. (Dkt. # 3).) Petitioner's motion requests that Respondent produce evidence relevant to Petitioner's substantive claims and appears to elaborate on his argument that he should not be required to exhaust his state court remedies by reference to an attached portion of the decision in *Fischer*. Nevertheless, Petitioner's argument does not change the Court's conclusion that 28 U.S.C. § 2254(b)(1) requires him to exhaust the exact claims asserted in his federal habeas petition in the state courts before he can pursue a federal habeas action. Therefore, Petitioner has failed to exhaust his state remedies pursuant to 28 U.S.C. § 2254(b)(1).

**B.    28 U.S.C. 2244(d)**

Even if the Court were able to conclude that Petitioner exhausted his state court remedies, Petitioner's petition is time-barred under 28 U.S.C. § 2244(d). A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[2] Judge Zilly ultimately dismissed Mr. Fischer's petition with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d). *See Fischer*, 2020 WL 916189 at *1.

judgment of a state court. 28 U.S.C. § 2244(d). The one-year limitations period in § 2254 habeas actions starts to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review with respect to the claim is pending is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

Here, Petitioner fails to demonstrate his habeas petition was timely under 28 U.S.C. § 2244(d). Petitioner omitted any information addressing his direct appeal, or any state collateral proceedings, from his petition. The last filing the Court can discern addressing Petitioner's 2014 judgment and sentence occurred when the Washington Supreme Court declined review of Petitioner's direct appeal on June 29, 2016, and the Court of Appeals issued its mandate terminating direct review on July 15, 2016. Although the statute of limitations may be tolled in certain circumstances, the allegations in Petitioner's petition do not suggest that any exception applies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-14 (2005) (statute of limitations tolled for properly filed collateral state challenge to the pertinent judgment or claim); *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) (equitable tolling of statute of limitations available where petitioner shows: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance

prevented timely filing); *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (statute of limitations equitably tolled where petitioner establishes that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995))). Petitioner did not file his federal habeas petition in this matter until January 19, 2021. Because Petitioner's direct appeal was concluded in July 2016, and there is no record that a state post-conviction motion was filed to toll the limitations period, Petitioner's petition was filed well after the one-year-limitations period provided by § 2244(d) expired.

Accordingly, Petitioner's federal habeas petition is barred by the one-year limitations period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d). As it does not appear the deficiencies can be cured, the Court recommends that Petitioner's habeas petition and this action be dismissed with prejudice. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citations omitted).

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, the Court concludes that Petitioner is not

entitled to a certificate of appealability in this matter, and therefore, recommends that a certificate of appealability be denied.

## V. CONCLUSION

The Court recommends Petitioner's habeas petition (dkt. # 1) should be **DISMISSED** with prejudice. The Court additionally recommends that Plaintiff's "Motion for Vicarious Exhaustion of State Remedies" (Pet.'s Mot. (dkt. # 2)) and "Motion to Compel for Information (Show Cause)" (Pet.'s Mot. (dkt. # 3)) be **DENIED** as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 19, 2021**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Thomas S. Zilly.

Dated this 29th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge