UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE FLORES-SOLORIO,<br><br>            Petitioner,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>            Respondent. | C21-51 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the Report and Recommendation ("R&R"), docket no. 10, of the Honorable Michelle L. Peterson, United States Magistrate Judge. Having reviewed the R&R, to which no objection was filed; the petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 ("Petition"), docket no. 1; the motion for vicarious exhaustion of state court remedies, docket no. 2, and the motion to compel for information (show cause), docket no. 3, brought by Petitioner Jose Flores-Solorio, who is pro se; and the remaining record, the Court enters the following Order:

**<u>Discussion</u>**

The R&R provides two grounds for dismissing the Petition with prejudice: (i) Petitioner failed to exhaust his state court remedies, as required under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(b),

ORDER - 1

and (ii) Petitioner failed to file the Petition before AEDPA's one-year statute of limitations expired.

The Court declines to adopt the R&R's conclusions with respect to the first ground, that Petitioner failed to exhaust his state court remedies, and therefore rejects Section III(A) of the R&R, docket no. 10 at 4–6.[1]

The Court modifies in part and adopts in part the R&R's conclusions with respect to the second ground, that the Petition is time-barred. AEDPA's one-year limitations period runs from the date on which the state court "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court has held that a state court judgment does not become "final" for purposes of § 2244(d)(1)(A) until "the time for seeking certiorari review in [*that*] Court expire[s]." *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). When a petitioner seeks review of a state court "judgment of a lower state court that is subject to discretionary review by the state court of last resort," as would have been the case here, the certiorari petition is due "within 90 days after entry of the order denying discretionary review." U.S. S. Ct. R. 13(1).

In Petitioner's case, the Washington Supreme Court entered an order denying discretionary review of his conviction and judgment on June 29, 2016. *See State v.*

---

[1] Any discussion of *Fischer v. Washington*, No. C20-51-TSZ, 2020 WL 916189 (W.D. Wash. Feb. 26, 2020) is unnecessary to decide the relevant issues in this case because, for the reasons described in this Order, the R&R correctly concludes that the Petition is time-barred. *See* R&R (docket no. 10 at 8). In addition, *Fischer* is distinguishable from the instant matter, as the petitioner in that case exhausted his state court remedies by presenting his federal claims in at least one personal restraint petition filed in the Washington Court of Appeals in 2006. *See Fischer*, 2020 WL 916189, at *1; *In re the Personal Restraint of Scott Allen Fischer*, No. 58499-5-I (2006). Accordingly, the Court rejects the R&R's analysis of *Fischer* and any related conclusions in Section III(A), docket no. 10 at 4–6.

ORDER - 2

*Flores-Solorio*, 185 Wn.2d 1038, 377 P.3d 740 (2016).  It was not until 90 days later, when the time for seeking certiorari review in the United States Supreme Court expired, that Petitioner's judgment became "final" under § 2244(d)(1)(A), which was September 27, 2016.  With September 27, 2016, as the start date, AEDPA's limitation period expired one year later, on September 27, 2017.[2]  *See Jimenez*, 555 U.S. at 119–20.  Because Petitioner waited until January 7, 2021, to seek federal habeas relief, his Petition is untimely by more than three years.  *See* R&R (docket no. 10 at 8).

Nor can Petitioner rely on § 2244(d)(2)'s tolling provision, as there is no indication that he filed an application for state post-conviction or other collateral relief with respect to his judgment or claim.  *See* 28 U.S.C. § 2244(d)(2); *see also* R&R (docket no. 10 at 7–8).[3]  Absent any other grounds to excuse Petitioner's three-year delay, the Petition is barred pursuant to AEDPA's one-year statute of limitations.  The Court therefore DISMISSES the Petition *with* prejudice.  *See* R&R (docket no. 10 at 8).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The R&R, docket no. 10, is REJECTED in part, MODIFIED in part, and ADOPTED in part;

---

[2] There is nothing in the Petition, or Petitioner's motions, to suggest that there was any "impediment" to filing the Petition, any "newly recognized" or "retroactively applicable" United States Supreme Court precedent, or any newly discovered "factual predicate" that would have otherwise triggered the start of the limitations period under §§ 2244(d)(1)(B)–(D).  *See generally* Petition (docket no. 1).  Accordingly, the limitations period started to run when Petitioner's judgment became "final" under § 2244(d)(1)(A).

[3] The Court independently investigated whether Petitioner sought post-conviction or collateral relief in any state court and, like the Magistrate Judge, could not find any record of this—a fact Petitioner appears to concede.  *See* Petitioner's Motion for Vicarious Exhaustion (docket no. 2 at 2–3).

ORDER - 3

(2) The Petition, docket no. 1, and this action, are DISMISSED with prejudice as time-barred;

(3) Petitioner's motions, docket nos. 2 and 3, are DENIED as moot;

(4) A certificate of appealability is DENIED based on the analysis articulated in the R&R; and

(5) The Clerk is directed to send a copy of this Order to Petitioner and to Judge Peterson.

IT IS SO ORDERED.

Dated this 5th day of March, 2021.

                                                        /s/ Thomas S. Zilly  
                                                        Thomas S. Zilly  
                                                        United States District Judge